UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO:

CARL MORGAN

    Plaintiff,

v.

ENTERPRISE LEASING COMPANY OF FLORIDA, LLC,
d/b/a ALAMO RENT A CAR

    Defendants

_____/

## COMPLAINT

COMES NOW, Plaintiff, CARL MORGAN, by and through the undersigned counsel, hereby files a complaint against Defendants, ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, d/b/a ALAMO RENT A CAR, and in support states and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., (hereinafter "ADA")

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to its supplemental jurisdiction over Plaintiffs' claims brought under the laws of the State of Florida. This Court has jurisdiction over Plaintiffs' claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper within this District pursuant to 28 U.S.C. § 1391(b).

4. This action arises in part in Palm Beach County and thus is properly assigned to Southern District of Florida, West Palm Beach Division.

## PARTIES

5. Plaintiff, CARL MORGAN, (hereinafter MORGAN) is at all relevant times a resident of the State of Georgia with physical disabilities. In 2004, MORGAN received a medical discharge from the U.S. Army after an operation to remove a tumor from his spinal cord, and is now paralyzed from the waist down, cannot walk, and uses a wheelchair for mobility. He has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a physical disability as that term is defined in applicable Florida and Federal Law.

6. Defendant, ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, d/b/a ALAMO RENT A CAR, (hereinafter ALAMO RENT A CAR) is a foreign limited liability company licensed and doing business in Palm Beach County, Florida.

7. Defendant, ALAMO RENT A CAR is a car rental agency, and an independent subsidiary of Enterprise Holdings, and are the business operators and/or lessees for the Alamo Car Rental office at the West Palm Beach International Airport at 1000 James L Turnage Blvd, West Palm Beach, Florida 33415.

8. Defendant, ALAMO RENT A CAR, owns, leases, or operates a place of public accommodation as defined by the Americans with Disabilities Act, 42 USC § 12181, and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

## FACTUAL ALLEGATIONS

9. MORGAN is a handcycle athlete that competes in races and marathons across the United States.

10. MORGAN has been operating community programs for disadvantaged youth for over 20 years. In 2020, frustrated by increasing racial divide and other inequities threatening communities across the nation, he pledged to ride 26.2 miles per day for 10 days, in 10 states, to elevate awareness and encourage unity. The goal of this pledge was to collect $26,200 to develop an after-school program and other initiatives for local Conyers, Georgia youth for much-needed computers and other learning tools, qualified teachers, counselors, and to secure a location for after-school support.

11. The 10-day Challenge races were scheduled as follows:

   a. Georgia - Silver Comet - September 7, 2020

   b. South Carolina - Greene Way - September 8, 2020

   c. North Carolina - American Tobacco Trail - Sept 9, 2020

   d. Virginia - VA Capital Trail - September 10, 2020

   e. Massachusetts - Charles River Bike Path - Sept 11, 2020

   f. Pennsylvania - Schuylkill River Trail - September 12, 2020

   g. Wisconsin - Lake Monona - September 13, 2020

   h. Illinois - Lake Shore Drive - September 14, 2020

   i. California - Pacific Beach LA - September 15, 2020

   j. Florida - Jupiter Island - September 16, 2020

12. In order to transport his handcycle, MORGAN requires a vehicle that is either a large Sports Utility Vehicle or a pickup truck.

13. In order to rent vehicles for the Challenge, MORGAN relied on the subsidiaries of Enterprise Holdings to meet his needs.

14. Since at least 2014 and memorialized in a Department of Justice settlement agreement with the U.S. Rental Car Operating Subsidiaries of Enterprise Holdings, Defendant Alamo had actual knowledge that it was required to have accessible hand controls on their vehicles with at most, 48 hours' notice.

15. Since at least 2014, Alamo as well as Enterprise Holding had a policy of making available at all of its locations Adaptive Driving Devices on a variety of vehicle classes that it offers for rental.  Currently, Enterprise offers Adaptive Driving Devices on certain makes and models that fall within the following vehicle classes:  Full-Size, Premium, Luxury, SUV and Pick-Up Trucks."

16. Since at least 2014, Alamo as well as Enterprise Holding had a policy of providing vehicles with Adaptive Driving Devices within 48 hours of receiving a reservation for same (the "48 Hour Policy").

17. Since at least 2014, Alamo as well as Enterprise Holding had a policy of picking up and dropping off customers, including those with disabilities, at their request, at their place of residence, employment, or other location, provided such locations are within the regular trade area of the Alamo branch where the vehicle was rented or returned, as the case may be.

18. On September 10, 2020, Alamo Rent A Car in California confirmed a rental of a Nissan Frontier or a similar vehicle (pick up truck) would be available for him when he arrived at Los Angeles Airport on September 14, 2020.

19. When he arrived in Los Angeles for the leg of his marathon, the Nissan Frontier was available for MORGAN with hand controls for his use during his trip.

20. Also, on September 10, 2020, Defendant ALAMO at Palm Beach Airport confirmed a rental of a Nissan Frontier or a similar vehicle (pickup truck) would be available

for him when he arrived at Palm Beach International Airport on September 15, 2020 to be returned on September 17, 2020.

21. On September 14, 2020, MORGAN received an email from a manager of ALAMO at the Palm Beach Airport which stated that that Defendant ALAMO would be unable to place a Left-Hand Control on a Full Size Pickup Truck, and that to use a hand control, MORGAN would be limited to a full size car, standard size SUV, or a full size SUV.

22. MORGAN chose a full-size SUV because it was the only other vehicle that would fit his handcycle.

23. When MORGAN arrived at the airport on the evening of September 15th, there was no vehicle (SUV or Pick Up Truck) with hand controls waiting for him and MORGAN was required to take an accessible taxi to his hotel and was required to take a taxi for all other transportation for his race.

24. The night before he was scheduled to fly to Chicago at 8:00 AM on September 17th, Defendant ALAMO advised that the vehicle was finally ready for him to pick up at the airport and refused to drop of the vehicle.

25. The plaintiff personally encountered this violation of the law. This caused the Plaintiff frustration and difficulty. It has denied him all service in its totality from the defendants' public accommodation.

26. Plaintiff travels to Florida, and specifically in Palm Beach County, for races on a frequent basis and is planning on returning to Palm Beach for the Freedom Coast Ride in Palm Beach on December 5, 2020. In addition, to participate in this litigation in Palm Beach, Plaintiff intends to rent a Pick-Up Truck so he can bring and use his handcycle when he is subject to deposition, attends mediation and attends trial in this matter.

27. At such time, he would like to return to Defendant, ALAMO and would like to rent a pick-up truck, as he has done at other Alamo Rent-A-Cars across the United States, but he will be dissuaded in the future from doing so until defendants adopt a policy and practice of carrying hand controls for persons with disabilities who would like to drive pick-up trucks.

28. The defendants have failed to maintain in working and useable condition those features required to provide ready access to persons with disabilities.

29. MORGAN has suffered and will continue to suffer direct and indirect injuries because of ALAMO's discrimination until ALAMO is compelled to comply with the requirements of the ADA. Mr. MORGAN is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at ALAMO equal to those afforded to individuals who do not require hand controls.

30. Plaintiff has retained the Disability Independence Group to represent her in this cause and have agreed to pay them a reasonable fee for their services.

31. Plaintiff has complied with all necessary conditions precedent to the bringing of this action, or such conditions precedent has been waived.

### I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

32. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs one through 31 of this Complaint.

33. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a).

34. Discrimination is defined, as a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

35. Under the ADA, any person who owns or operates a place of public accommodation, such as a rental car agency, must ensure that the goods, services, privileges, advantages and opportunities are offered on a fully and equal basis. (42 U.S.C. § 12182(a).)

36. Among the barrier removal tasks that are readily achievable to accomplish is installing vehicle hand controls. (28 C.F.R. § 36.304(b)(21).)

37. Here, the defendants' failure to provide any vehicle with hand controls, resulting in persons with disabilities, such as MORGAN, to be denied the opportunity to rent a pick-up truck, or to have a vehicle otherwise suited for his use when he arrived at the airport.

38. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

39. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**WHEREFORE,** Plaintiff, CARL MORGAN, respectfully pray that this Court grants the following relief against the Defendant, ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, d/b/a Alamo Rent A Car, including entering a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's practices, policies and procedures have subjected Plaintiff to discrimination in violation of Title III of the

Americans with Disabilities Act permanently enjoining the Defendant from any practice, policy and/or procedure which will deny Plaintiffs equal access to, and benefit from Defendant's services. This includes entering a permanent injunction ordering the Defendant:

a. To cease discrimination against Plaintiff and other individuals with mobility impairments;

b. To promulgate and comply with policies and procedures to ensure that the Defendant and its staff do not discriminate against individuals who have disabilities;

c. Award nominal damages;

d. reasonable costs and attorneys' fees; and

e. Award any and all other relief that may be necessary and appropriate.

## II. SECOND CAUSE OF ACTION:
## VIOLATION OF THE UNFAIR AND DECEPTIVE CLAIMS PRACTICES ACT

40. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs one through 31 of this Complaint.

41. Defendant's actions are a clear violation of Fla. Stat. §501.204 (1), "Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

42. A practice which "offends established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" violates the Florida Deceptive and Unfair Practices Act.

43. Defendant engaged in deceptive and unfair trade practices, as defined by Fla. Stat. § 501.204, by holding itself out as providing vehicles and modifications for persons with

disabilities, and then, in violation of applicable discrimination law, denying him the programs and service of such entity.

44. As a result of the defendant's actions, plaintiffs suffered actual damages, including, but not limited to monetary damages, humiliation, mental anguish, emotional distress, embarrassment, shame, worry and frustration.

**WHEREFORE,** Plaintiff, CARL MORGAN, respectfully pray that this Court grants judgment against the Defendant, ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, d/b/a Alamo Rent A Car, and finds that their practice of denying accommodations and services to MORGAN was deceptive and unfair, and award appropriate compensatory damages, and such further relief that is just and equitable.

**PLAINTIFFS DEMAND A TRIAL BY JURY FOR ALL ISSUES FOR WHICH A TRIAL BY JURY IS PERMITED.**

Respectfully submitted this 15th day of March, 2021.

By: /s/ Matthew W. Dietz, Esq.
Matthew W. Dietz, Esq.
Florida Bar No. 0084905
**Disability Independence Group, Inc.**
2990 Southwest 35th Avenue
Miami, Florida 33133
Telephone: (305) 669-2822
Facsimile: (305) 442-4181
mdietz@justdigit.org
aa@justdigit.org